UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| BILL & MAGGIE LAWRENCE h/w | ) | Case Number |
| Plaintiffs | ) | |
| v. | ) | CIVIL COMPLAINT |
| GILLETTE & PAUL LAW OFFICES, PLLC | ) | |
| Defendant | ) | JURY TRIAL DEMANDED |

## COMPLAINT AND JURY DEMAND

**COMES NOW**, Plaintiff, Bill & Maggie Lawrence, h/w/, by and through his undersigned counsel, Bruce K. Warren, Esquire and Brent F. Vullings, Esquire of Warren & Vullings, LLP, complaining of Defendant, and respectfully avers as follows:

### I. INTRODUCTORY STATEMENT

1. Plaintiffs, Bill & Maggie Lawrence, h/w/, are adult natural persons and bring this action for actual and statutory damages and other relief against Defendant for violations to the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 et seq. ("FDCPA"), the Pennsylvania Fair Credit Extension Uniformity Act, 73 P.S. § 2270.4 ("PFCEUA) and the Unfair Trade Practices and Consumer Protection Law, 73 P.S. § 201-1-201-9.3 ("UTPCPL")  which prohibits debt collectors and original creditors from engaging in abusive, deceptive and unfair practices.

## II.   JURISDICTION

2. Jurisdiction of this Court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337.

3. Venue in this District is proper in that the Plaintiff resides in this District.

## III.   PARTIES

4. Plaintiffs, Bill & Maggie Lawrence, h/w are adult natural persons residing at 108 Rutledge Circle, North Wales, Pennsylvania 19454. At all times material and relevant hereto, Plaintiffs are "consumers" as defined by the FDCPA, 15 U.S.C. § 1692a (2).

5. Defendant, Gillette & Paul Law Offices, PLLC ("Defendant"), at all times relevant hereto, is and was a law firm engaged in the business of collecting debt within the Commonwealth of Pennsylvania and the State of Utah with its principal place of business located at 515 South 700, 1F, Salt Lake City, Utah 84101.

6. Defendant is engaged in the collection of debts from consumers using the telephone and mail. Defendant is a "debt collector" as defined by the FDCPA, 15 U.S.C. §1692a(6).

## IV.   FACTUAL ALLEGATIONS

7. On or about January 2011, the Plaintiffs begain receiving automated Phone calls from the Defendant.

8. Plaintiffs attempted to return the Defendant's phone calls but would be directed to another automated service.

9. On or about August 23, 2011, Plaintiffs received yet another automated phone call from the Defendant.

10. Plaintiff, Bill decided to call the number on the caller id system rather than the call back number left by the automated service.

11. Plaintiff, Bill, spoke with an agent of the Defendant.

12. Defendant's agent told the Plaintiff, Bill he owed a debt and to just pay it.

13. Defendant's agent did not specify what the debt was for.

14. Defendant's agent also told Plaintiff, Bill the Defendant had already filed a lawsuit against both Plaintiffs.

15. The Plaintiff, Bill, told the Defendant's agent did not owe any debts and to stop calling.

16. Defendant's agent told the Plaintiff, Bill to just pay the money.

17. Plaintiff, Bill hung up on the Defendant's agent.

18. Defendant's agent called back and Plaintiff, Maggie, answered the phone.

19. Defendant's agent asked to speak with Plaintiff, Bill.

20. Plaintiff, Maggie, told the Defendant's agent Plaintiff, Bill, was unavailable and asked who was calling and said she would give Plaintiff, Bill, the message.

21. Defendant's agent stated they were a law firm but Defendant's agent refused to give the name of the law firm.

22. Defendant's agent told Plaintiff, Maggie, that Plaintiff, Bill, owed an alleged debt of $684.00 on a Bank of America Visa Card which was opened in 2004.

23. Defendant's agent also told Plaintiff, Maggie, that Plaintiff, Bill's, last payment on the debt was in 2007.

24. Defendant's agent told Plaintiff, Maggie, the claim number for the account and the credit card number.

25. Plaintiff, Maggie, asked how the payment was made.

26. Defendant's agent, stated he could not tell Plaintiff, Maggie.

27. Defendant's agent began to ask Plaintiff, Maggie, why Plaintiff, Bill had defaulted on the credit card.

28. Defendant's agent suggested that Plaintiff, Bill, lost his job and wanted to know if that was why Plaintiff, Bill, wasn't making payments.

29. Defendant's agent suggested that Plaintiff, Maggie, make arrangements to pay off Plaintiff, Bill's, alleged debt.

30. Plaintiff, Maggie, told the Defendant's agent she would call her attorney and get back the Defendant's agent.

31. Plaintiff, Maggie, asked for a phone number the Defendant's agent could be reached.

32. Defendant's agent stated he didn't believe Plaintiff, Maggie, really had an attorney.

33. Defendant's agent continued to tell Plaintiff, Maggie she should just pay the alleged debt for Plaintiff, Bill.

33. Defendant's agent finally gave Plaintiff, Maggie, a phone number and Plaintiff, Maggie, was told to ask for Defendant's agent, "Mr. Johnson".

34. Defendant's agent never asked Plaintiff, Maggie, for her name or who Plaintiff, Maggie, was in relation to Plaintiff, Bill.

35. Plaintiffs have never received anything in writing from the Defendant.

36. The Defendant knew or should have known that their actions violated the FDCPA. Additionally, Defendant could have taken the steps necessary to bring their and their

agent's actions within compliance of the FDCPA, but neglected to do so and failed to adequately review those actions to insure compliance with the law.

37. At all times pertinent hereto, Defendant was acting by and through it agents, servants and/or employees, who were acting with the scope and course of their employment and under the direct supervision and control of Defendant herein.

38. At all times pertinent hereto, the conduct of Defendant as well as its agents, servants and/or employees, was malicious, intentional, willful, reckless, negligent and in wanton disregard for federal and state law and the rights of the Plaintiffs herein.

39. As a result of Defendant's conduct, Plaintiffs have sustained actual damages, including, but not limited to, injury to Plaintiff's reputation, invasion of privacy, damage to Plaintiff's credit, out-of-pocket expenses, physical, emotional and mental pain and anguish and pecuniary loss and they will continue to suffer same for an indefinite time in the future, all to their great detriment and loss.

## COUNT I – FDCPA

40. The above paragraphs are hereby incorporated herein by reference.

41. At all times relevant hereto, Defendant was attempting to collect an alleged debt which was incurred by Plaintiffs for personal, family or household purposes and is a "debt" as defined by 15 U.S.C. § 1692a(5).

42. The foregoing acts and omissions constitute violations of the FDCPA, including but not limited to, violations of:

> § 1692c(c): With anyone except consumer, consumer's attorney, or credit bureau concerning the debt

| | |
|---|---|
| § 1692d: | Any conduct the natural consequence of which is to harass, oppress, or abuse any person |
| § 1692e(10): | Any false representation or deceptive means to collect a debt or obtain information about a consumer |
| § 1692f: | Any unfair or unconscionable means to collect or attempt to collect the alleged debt |
| § 1692g: | Failure to send the consumer a 30-day validation notice within five days of the initial communication |

**WHEREFORE**, Plaintiffs respectfully pray that judgment be entered against the Defendant, Gillette & Paul Law Offices, PLLC for the following:

a. Actual damages;

b. Statutory damages pursuant to 15 U.S.C. § 1692k;

c. Reasonable attorney's fees and litigation expenses, plus costs of suit; and

d. Such additional and further relief as may be appropriate or that the interests of justice require.

## COUNT II
## VIOLATIONS OF PENNSYLVANIA FAIR CREDIT EXTENSION UNIFORMITY ACT
### (FCEUA, 73 Pa. C.S. § 2270.1 et seq.)

43. Plaintiffs repeat, re-allege and incorporate by reference the foregoing paragraphs.

44. The collection of a debt in Pennsylvania is proscribed by the Fair Credit Extension Uniformity Act at 73 Pa. C.S. § 2270.1 et seq., ("FCEUA") and the Pennsylvania

Unfair Trade Practices and Consumer Protection Law 73 Pa. C.S 201-1 et seq. ("UTPCPL"). Defendant is a debt collector pursuant to 73 Pa. C.S. § 2270.3.

45. The alleged debt Defendant was attempting to collect is a debt as defined by 73 Pa. C.S. § 2270.3.

46. The FCEUA proscribes, inter alia, engaging in any false, misleading or deceptive representations when attempting to collect a consumer debt.

47. The actions of Defendant as aforesaid, constitute false, misleading or deceptive representations.

48. Violations of the FDCPA is a per se violation of the FCEUA and the UTPCPL.

49. As a direct and proximate result of the said actions, Plaintiffs have suffered financial harm.

50. By virtue of the violations of the law as aforesaid, and pursuant to the FCEUA and UTPCPL, Plaintiffs are entitled to an award of actual damages, treble damages, attorney's fee and costs of suit.

**WHEREFORE**, Plaintiffs pray this Honorable Court enter judgment in their favor and against Defendant and Order the following relief:

   a. Actual damages;

   b. Treble damages;

   c. An award of reasonable attorneys fees and expenses and costs of court; and

   d. Such additional relief as is deemed just and proper, or that the interests of justice require.

## COUNT III
## VIOLATIONS OF PENNSYLVANIA CONSUMER PROTECTION LAW ("UTPCPL"), 73 Pa. C.S. § 201-1 et seq.

51. The foregoing paragraphs are incorporated herein by reference.

52. Plaintiffs and Defendant are "Persons" to 73 Pa. C.S § 201-2.

53. The UTPCPL proscribes, inter alia, engaging in any "unfair or deceptive acts or practices", either at, and prior to or subsequent to a consumer transaction.

54. The action of Defendant as aforesaid, constitutes unfair acts or practices under the UTPCPL, by way of the following, inter alia:

   a. Defendant misrepresented to Plaintiffs the character, extent or amount of the debt or its status in a legal proceeding, 73 Pa. C.S. § 201-3.1;

   b. Defendant engaged in deceptive or fraudulent conduct which created a likelihood of confusion or of misunderstanding, 73 Pa. C.S. § 201-2(xxi);

   c. Defendant failed to comply with the FDCPA and FCEUA which are per se violations of the UTPCPL.

55. As a direct and proximate result of the said actions, Plaintiffs have suffered financial damages and other harm.

56. By virtue of the violations of law aforesaid and pursuant to the UTPCPL, Plaintiffs are entitled to an award of actual damages, treble damages, attorney's fees and costs of suit.

**WHEREFORE** Plaintiffs pray this Honorable Court enter judgment in their favor and against Defendant and Order the following relief:

    a.      An Order declaring that Defendant violated the UTPCPL;

    b.      Actual damages;

    c.      Treble damages;

    d.      An award of reasonable attorney's fees and expenses and cost of suit; and

    e.      Such additional relief as is deemed just and proper, or that the interest of justice may require.

## V. **JURY DEMAND**

Plaintiffs hereby demand a jury trial as to all issues herein.

**Respectfully submitted,**

**WARREN & VULLINGS, LLP**

Date: September 16, 2011    **BY: /s/Bruce K. Warren BKW4066**
Bruce K. Warren, Esquire

**BY: /s/Brent F. Vullings BFV8435**
Brent F. Vullings, Esquire

Warren & Vullings, LLP
93 Old York Road
Jenkintown, PA  19046
215-745-9800   Fax 215-745-7880
Attorneys for Plaintiff